Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class and*
*Collective Action Members*

> **FILED**
>
> **Jul 28, 2021**
>
> CLERK, U.S. DISTRICT COURT
> EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| Shawn Schwartzenberger, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ConsumerXpress LLC, d/b/a CAC Services,<br><br>    Defendant. | **Case No.: 1:21-cv-00781-NONE-BAM**<br><br>**PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**1.  Violation of the Federal Fair Labor Standards Act (29 U.S.C. §§ 29 U.S.C. §§ 201-219)**<br><br>**2.  Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200-17210)**<br><br>**3.  Failure to Pay Minimum Wage (Cal. Labor Code §§ 1182.12, 1194, 1194.2-1194.5, 1197, 1197.1; IWC Wage Order No. 4-2001; Minimum Wage Order MW-2021)**<br><br>**4.  Failure to Provide Off-Duty Meal and Rest Periods (Cal. Labor Code §§ 218.5, 226.7, 512; IWC Wage Order No. 4-2001)**<br><br>**5.  Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226(a))** |

6. **Failure to Provide Wages Upon Separation from Employment (Cal. Labor Code §§ 201-203)**

7. **Failure to Reimburse for Necessary Expenditures (Cal. Labor Code. § 2802)**

8. **California Private Attorneys General Act (Cal. Labor Code §§ 2698-2699.5).**

9. **Declaratory Judgment (28 U.S.C. §§ 2201-02)**

## PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## I.    INTRODUCTION

1.    This is an action brought as a putative collective action under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.    This action is also brought as a putative class action under the California Labor Code and relevant Minimum Wage Order, MW-2021, and Industrial Welfare Commission Wage Order, No. 4-2001; and the California Unfair Competition Law, California Business and Professions Code §§ 17200-17210 (the "UCL") for Defendant's violations of California state law.

3.    Plaintiff Shawn Schwartzenberger ("Plaintiff" or "Schwartzenberger") worked for Defendant ConsumerXpress LLC, d/b/a CAC Services ("Defendant" or "CAC") as a field service agent performing "field chase," inspection, document signing/courier and other duties at various residential and commercial locations in and around Tulare County, California and Kern County, California. CAC misclassified Plaintiff and similarly situated field service agents as independent contractors in violation of California and Federal law. *See* Cal. Labor Code § 2775; *Real v. Driscoll Strawberry Assocs., Inc.*, 605 F.2d 748, 754 (9th Cir. 1979). In particular, Plaintiff and similarly situated field service agents in California (the "California Class Members") were not free from the control and direction of CAC, performed work in the usual

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

course of CAC's business, and were not customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed. *See id.*

4.      As a result of this misclassification, Defendant has unlawfully failed to pay Plaintiff and similarly situated field service agents all due and owing minimum wages, in part, because it failed to reimburse necessary business expenses incurred for Defendant's benefit (including, but not limited to, costs of vehicle maintenance, fuel, insurance, cellular phone and data expenses, and other business costs) in violation of federal and California state law. *See* 29 U.S.C. § 206, and Cal. Labor Code §§ 1182.12, 1194, 1194.2-1194.5, and 2802. Defendant's misclassification of Plaintiff and similarly situated field service agents, and their failure to pay all due and owing wages and provide all benefits provided under the law was a willful violation under federal and California state law. *See* 29 U.S.C. §§ 216(a) & 255(a); Cal. Labor Code § 226.8. Similarly, Defendant failed to provide fully-relieved meal and rest breaks, and failed to provide compliant wage statements in violation of California state law with respect to Plaintiff and the California Class Members. *See* Cal. Labor Code §§ 218.5, 226.7, 512 and IWC Wage Order No. 4-2001; Cal. Labor Code § 226(a).

5.      Plaintiff pleads these claims on behalf of himself and a putative nationwide collective of similarly situated field service agents,[1] and a putative class action under Rule 23 of the Federal Rules of the Civil Procedure for the California Class Members. Plaintiff seeks all damages available under the law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, declaratory and injunctive relief, and any other remedies to which he may be entitled.

## II.      THE PARTIES

### A.      Plaintiff Shawn Schwartzenberger

---

[1]      *See* CAC Services, *Nationwide coverage*, https://www.go2cacs.com/ (last accessed April 27, 2021) ("CAC Services arranges to put feet on the ground where needed. 1500 independently contracted inspectors and agents are ready to deploy right away.").

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

6.      Plaintiff Shawn Schwartzenberger is a natural person residing in Tulare County, California. He has standing to file this lawsuit.

7.      Plaintiff worked for Defendant as a field services agent beginning on or about 2015. He worked for Defendant within the one-year period prior to the filing of this lawsuit.

8.      Plaintiff's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) was attached to his Original Complaint as **Exhibit 1**.

**B.      Defendant ConsumerXpress LLC, d/b/a CAC Services**

9.      Defendant ConsumerXpress LLC, d/b/a CAC Services ("Defendant" or "CAC") is a limited liability company organized under the laws of the state of Nevada.

10.      Defendant may be served with process through its registered agent Holly Emerson at 106 Cedar Lane; Santa Barbara, California 93108.

11.      At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

12.      At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

13.      On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenue or business volume in excess of $500,000 per year.

**C.      Putative Collective Action Members**

14.      Plaintiff brings this action on behalf of himself and all other similarly situated field service agents nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to certify a collective action pursuant to the below preliminary definition:

> All current and former field service agents who worked for Defendant at any location nationwide within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

15.      Plaintiff reserves the right to refine the definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

16.     Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid minimum wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**D.     Putative California Class Action Members**

17.     Plaintiff also brings this action on behalf of himself and all other similarly situated field service agents in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to certify a class action pursuant to the below preliminary definition:

> All current and former field service agents who worked for Defendant at any location in California within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

18.     Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

19.     Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

### III.     JURISDICTION AND VENUE

20.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

21.     This Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

22.     The United States District Court for the Eastern District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

#### IV.      FACTUAL BACKGROUND

24.      Defendant is a field services management company, which provides document signing services, vehicle inspection services, field contact services, and site inspection services primarily in connection with due diligence for its customers in the financial industry.[2] Pursuant to a job posting on Indeed, "CAC Services provides contact letter delivery, vehicle inspections and commercial site inspections for banks, credit unions and others nationwide. CAC Services is looking for motivated individuals who would like part-time independent contractor style work."[3]

25.      To provide such document signing, field contact and inspection services, CAC employs "1500 independently contracted inspectors and agents" nationwide.[4] The services provided by these inspectors and agents are CAC's primary source of revenue.

26.      Pursuant to a job description posted by CAC on Indeed, the "Field Agent – Field Inspector" role requires little more than "[p]rofessional dress and demeanor with good communication skills," and requires no prior experience.[5]

27.      The job description does note that field service agents will be required to provide their own "personal computer with internet access and a printer," "smart phone or digital camera for photographs that will be uploaded to our web-based system" and "reliable transportation."[6]

28.      While the job description claims that it requires a "federal EIN (employer ID number – these are free to obtain), a sole proprietorship, LLC, or corporation,"[7] at times relevant

---

[2]    *See* CAC Services, *Innovative Field Services Management: experience excellent results*, https://www.go2cacs.com/ (last accessed April 27, 2021).

[3]    Indeed, *Independent Contractor/ Field Agent*, https://www.indeed.com/jobs?q=%22cac%20services%22&l=Redding%2C%20CA&vjk=8b5a9ad9e8f61556 (last accessed April 27, 2021).

[4]    CAC Services, *Nationwide coverage*, https://www.go2cacs.com/ (last accessed April 27, 2021) ("CAC Services arranges to put feet on the ground where needed. 1500 independently contracted inspectors and agents are ready to deploy right away.").

[5]    Indeed, *Independent Contractor/ Field Agent*, https://www.indeed.com/jobs?q=%22cac%20services%22&l=Redding%2C%20CA&vjk=8b5a9ad9e8f61556 (last accessed April 27, 2021). ("Experience: Customer Service: 2 years (Preferred).")

[6]    *Id.*

[7]    *Id.*

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

Defendant paid Plaintiff and similarly situated field service agents in their individual capacities using their personal social security numbers.

29.     Plaintiff has worked for Defendant as a field service agent since early 2015. Plaintiff worked at various off-site locations in and around Tulare County, California and Kern County, California.

30.     In applicable field service roles, Plaintiff and similarly situated field service agents traveled to different locations to complete inspections and field contacts. As part of the inspection process, CAC required Plaintiff and similarly situated field service agents to use smart phones or digital cameras to take photographs of cars prior to repossession or salvage. Defendant did not defray the cost of Plaintiff and similarly situated field service agents' smart phones or data/service plans. Defendant also required Plaintiffs to complete a standardized inspection form created by Defendant and uploaded to Defendant's website. Plaintiff and similarly situated field service agents also printed and assembled the delinquency notices per Defendant's instructions and uploaded to Defendant's website photos as proof of delivery. Defendant did not defray the cost of printing and assembling such notices.

31.     Plaintiff was not allowed to negotiate the amount he was paid. Instead, his pay of $15.00 or $20.00 per delivery was offered on a "take it or leave it" basis.

32.     Further, Plaintiff and the Class Members were required to drive to different locations to complete their field services job duties. They were not reimbursed for their mileage, wear and tear on vehicles, vehicle maintenance and fueling expenses, and other related and necessary expenses incurred for Defendant's benefit. It was typical for Plaintiff to drive at least 100 miles per week in connection with work for Defendant.

33.     Prior to performing their work for Defendant, the Plaintiff and Class Members were required to complete an application and submit to a background check. If they met Defendant's requirements, they were hired.

34.     Further, before they could work for Defendant, the Plaintiff and Class Members were required to complete Defendant's online training program to learn about Defendant's

policies and procedures, deadlines, and their obligations under state and federal consumer protection laws.

35.     After submitting the application, passing the background check, and completing Defendant's training, Defendant provided Plaintiff and Class Members their job assignments via email.

36.     Defendant also provided standard operating procedures to Plaintiff and the Class Members that they were required to follow. Plaintiff and the Class Members were not permitted to deviate from Defendant's standard operating procedures and were required to use Defendant's promulgated forms.

37.     While working in the field, Plaintiff and the Class Members were subject to Defendant's control. Defendant would review their work, make corrections, and issue instructions.

38.     Plaintiff and the Class Members were non-exempt employees.

39.     Despite Defendant's employer-employee relationship with Plaintiff and the Class Members, Defendant misclassified Plaintiff and the Class Members as independent contractors instead of employees.

40.     Defendant failed to pay Plaintiff and the Class Members at least the minimum wage rate for all hours worked under federal[8] and California law. For example, in a seven-day workweek, on average, the Plaintiff made 15 deliveries and typically worked a total of 15 hours per week for Defendant. Plaintiff's weekly gas expense was at least $100.00. Plaintiff's cellphone expense was approximately $10.00 per week. Plaintiff's car insurance expense was approximately $20.00 per week. Plaintiff also incurred costs for printing. Thus, Defendant paid plaintiff, at the maximum, approximately $11.33 per hour (15 deliveries * $20.00 per delivery = $300.00 - $130.00 expenses = $170.00 / 15 hours of work per week = $11.33 per hour). Thus, Defendant paid Plaintiff less than California's minimum wage for all hours worked since January

---

[8]     *See* 29 U.S.C. § 218(a) (employee is entitled to be compensated at the greater of either the federal minimum wage rate or the minimum wage rate established by the state or locality in which the employee works).

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

1, 2019, where the required minimum wage rate for an employer with at least 26 employees was between $12.00 and $13.00 per hour.[9]

41.    Plaintiff and the Class Members were never independent contractors, but were at all times employees of Defendant. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

42.    In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work – including assigning the job location and the details of the job assignment.

43.    Plaintiff and the Class Members were the workforce without which Defendant could not provide its services. Plaintiff and the Class Members were not independent business owners, but were dependent upon the work of Defendant to earn income.

44.    Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

45.    Defendant's method of paying the Plaintiff and Class Members in violation of the California Labor Code was willful and was not based on a good faith and reasonable belief that its conduct complied with the law.

46.    Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

47.    Moreover, Defendant failed to reimburse Plaintiff and the California Class Members for their work-related expenses. Plaintiff and the California Class Members traveled in their personal vehicles to each job assignment. However, Defendant failed to reimburse the costs of operating these personal vehicles for work, including all associated gas, insurance, and mileage expenses. Plaintiff and the California Class Members were also required to use their personal cell phones for work to communicate with Defendant and homeowners and property

---

[9]    *See* State of Cal. Dep't of Indus. Relations, *Minimum Wage*, https://www.dir.ca.gov/dlse /faq_minimumwage.htm (last accessed May 10, 2021).

owners, as well as to take pictures. They were not reimbursed for their cell phone use or the costs they incurred to use the internet. Plaintiff and the California Class Members incurred these costs as a necessary expenditure to work for Defendant and thus, Defendant should have paid for those costs.

48.     Defendant also did not provide Plaintiff and the California Class Members with required meal and rest breaks. Instead, Plaintiff and the California Class Members were assigned tasks by Defendant and given a certain amount of time to complete those tasks. Defendant did not provide any time for Plaintiff and the California Class Members to take meal and rest breaks during the workday.

49.     Defendant also failed to provide Plaintiff and the California Class Members with proper itemized wage statements that included all the requisite information required by California law, including the number of hours worked, the hourly wage rate, and any deductions from wages.

## V.     COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other similarly situated field service agents nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to certify a collective action pursuant to the below preliminary definition:

> All current and former field service agents who worked for Defendant at any location nationwide within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

51.     Plaintiff has actual knowledge that putative Collective Action Members have been denied minimum wages for all hours worked in each workweek. Plaintiff worked with other nonexempt field service agents who were similarly misclassified as independent contractors and paid on a per-delivery basis.

52.     The putative Collective Action Members are similarly situated to Plaintiff in all respects, having worked on a per-delivery basis while misclassified as independent contractors,

and being required to incur expenses including mileage, car maintenance, cell phone/data charges, and other expenses which caused their wages to drop below the applicable minimum wage rate.

53.      Defendant's failure to pay minimum wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members, specifically from their misclassification as independent contractors by Defendant.

54.      The specific job titles or precise job responsibilities of each putative Collective Action Member doe not prevent collective treatment.

55.      Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

## VI.    CLASS ALLEGATIONS

56.      Plaintiff also seeks to bring his claims under California State Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class Members pursuant to the below preliminary definition:

> All current and former field service agents who worked for Defendant at any location in California within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

4.      <u>Numerosity</u>. The number of members in the Class is believed to exceed forty. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

5.      <u>Typicality</u>. Plaintiff's claims are typical of the Class because like the members of the Class, Plaintiff was subject to Defendant's uniform policies and practices and were compensated in the same manner as others in the Class. Defendant failed to pay the Class Members minimum wages and reimbursable expenses. Plaintiff and the Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law. As such, Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

6.      <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Class he seeks to represent.

7.      <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

      a.   Whether Plaintiff and the Class Members were paid the minimum wage;

      b.   Whether Plaintiff and the Class Members incurred work related expenses;

      c.   Whether Plaintiff and the Class Members were issued proper wage statements;

      d.   Whether Defendant failed to provide or authorize meal periods and rest periods for Plaintiff and the Class Members;

      e.   Whether Defendant failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Plaintiff and Class Member with a statement accurately showing the total number of hours worked and wages earned each pay period; and

      f.   Whether Defendant has failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Defendant.

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

8. The common issues of law include, but are not limited to:

 a. Whether Plaintiff and the Class Members were employees or independent contractors;

 b. Whether Plaintiff and the Class Members, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all their wages upon termination of their employment;

 c. Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

 d. Whether Defendant's pay records comply with California law;

 e. Whether Plaintiff and the Class Members are entitled to compensatory damages;

 f. The proper measure of damages sustained by Plaintiff and the Class Members; and

 g. Whether Defendant's actions were "willful."

9. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

10. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class by mail, electronic mail,

text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Class is readily identifiable from Defendant's records.

57.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated Plaintiff and the Class Members; and (3) the burden is on Defendant to accurately record hours worked by employees and meal periods taken. Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members per applicable California laws.

## VII.   CAUSES OF ACTION

**A.     First Claim for Relief – Federal Minimum Wage Claims (Violations of the FLSA 29 U.S.C. §§ 29 U.S.C. §§ 201-219).**

58.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

59.     The foregoing conduct, as alleged, violated the FLSA.

60.     Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

61.     Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action Members, at a rate of at least the highest of the applicable federal, state, municipal or local minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

62.     Defendant failed to pay Plaintiff and the putative Collective Action Members the applicable federally-mandated minimum wage for all hours worked under forty in each workweek due to its policy or practice of misclassifying Plaintiff and the putative Collective Action Members as independent contractors.

63.     Accordingly, Plaintiffs and the putative Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. §§ 206 & 207.

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

64.     Defendant's conduct was willful and done to avoid paying minimum wages and overtime 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

65.     Plaintiff seeks all damages to which he is entitled under the FLSA, including back minimum wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**B.     Second Claim for Relief – Violations of California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200-17210).**

66.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

67.     The foregoing conduct, as alleged violates the California Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting any unlawful or unfair business acts or practices.

68.     Plaintiff brings this cause of action on behalf of himself and as a representative of the California Class Members subject to Defendant's unlawful acts and practices.

69.     During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation and each independently, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

70.     As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the Class Members. Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the Class Members all wrongfully withheld wages, including, but not limited to minimum wages, interest

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

71.     Plaintiff, on behalf of himself and on behalf of the members of the Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief, pursuant to the four-year statute of limitations contained in the UCL.

**C.     Third Claim for Relief – California State Minimum Wage Claims (Violations of Cal. Cal. Labor Code §§ 1182.12, 1194, 1194.2-1194.5, 1197, 1197.1; IWC Wage Order No. 4-2001; Minimum Wage Order MW-2021).**

72.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

73.     The California Labor Code requires that all employees be paid minimum wages by their employers. Plaintiff and the California Class Members were at all times employees of the Defendant. *See* Cal. Labor Code § 2775 (codifying ABC test from *Dynamex Operations. W. Inc. v. Superior Court*, 4 Cal. 5th 903 (2018)). Defendant's conduct, as set forth, in failing to ensure that Plaintiff and the California Class Members received the minimum wage for all hours worked violates California Law. *See* Cal. Labor Code §§ 1182.12, 1194, 1194.2-1194.5, 1197, 1197.1.

74.     Plaintiff brings this claim individually and on behalf of the California Class Members. Plaintiff specifically seeks recovery for unpaid minimum wages for the four-year period relevant to his lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to his and the California Class Members' back minimum wages,[10] and costs and attorneys' fees, pursuant to statute and other applicable law.

**D.     Fourth Claim for Relief – Failure to Provide Off-Duty Meal and Rest Periods (Cal. Labor Code §§ 218.5, 226.7, 512; IWC Wage Order No. 4-2001).**

75.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

---

[10]   *See* Cal. Labor Code § 1194.2 (authorizing liquidated damages for an employer's failure to pay minimum wages).

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

76.     Plaintiff and the California Class Members routinely work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California law. *See* Cal. Labor Code §§ 226.7 & 512, IWC Wage Order No. 4-2001, § 11(A).

77.     Defendant did not pay the mandatory penalty when it failed to relieve Plaintiff and the California Class Members of all duty for meal breaks, as required by California law. *See* Labor Code § 226.7, IWC Wage Order No. 4-2001, § 11(B).

78.     As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided. *See id.*

79.     In addition, Plaintiff and the California Class Members regularly work and have worked without being afforded at least one ten-minute rest break in which they were relieved of all duty per four hours of work performed or major fraction thereof, as required by California law. *See* IWC Wage Order No. 4-2001, § 12(A).

80.     Defendant did not pay the mandatory penalty when it failed to fully relieve Plaintiff and the California Class Members of all duty for rest breaks, as required by California law. *See* Cal. Labor Code § 226.7, IWC Wage Order No. 4-2001, § 12(B).

81.     As the result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided. *See id.*

82.     In the event Plaintiff and the California Class Members are successful in prosecuting this claim, they are entitled to all damages and an award of attorneys' fees and costs. *See* Cal. Labor Code § 218.5.

**E.      Fifth Claim for Relief – Failure to Reimburse for Necessary Expenditures (Cal. Labor Code § 2802).**

83.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

84.     At all times material to this Complaint, Defendant required Plaintiff and the California Class Members to drive their personal vehicles in the course and scope of their employment.  Defendant did not reimburse Plaintiff and the California Class Members for mileage and other expenses related to the use of their personal vehicles. Likewise, Defendant failed to reimburse Plaintiff and the Class Members for use of their cell phones, data plans, internet connections, and other expenses that benefited Defendant, all of which were required to perform their jobs.

85.     At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

86.     As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and the Class Members sustained actual and pecuniary damages.

87.     Plaintiff and the California Class Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

88.     Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiff and the California Class Members are entitled to said interest.

**F.     Sixth Claim for Relief – Failure to Furnish Wage Statements and Record-Keeping Violations (Cal. Labor Code § 226, 1174, & 1174.5).**

89.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

90.     Defendant knowingly and intentionally failed to furnish and continues to fail to furnish Plaintiff and each Class Member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each

payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by California Plaintiffs and the California Class Members as required under California Labor Code § 1174(d).

91.     As a result, Defendant is liable to Plaintiff and each of the California Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

92.     Plaintiff and the Class Members are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

**G.     Seventh Claim for Relief – Violations of California Wage Payment Provisions (Cal Labor Code §§ 201-203).**

93.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

94.     California Labor Code §§ 201 and 202 require employers to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced up to a maximum of thirty days of wages.

95.     Plaintiff and the California Class Members who ceased employment with Defendant are entitled to unpaid compensation and other moneies, as alleged above, but to date have not received such compensation. During all times relevant, Defendant knowingly and willfully failed to pay Plaintiff and the California Class Members all wages owed as alleged herein. Defendant is therefore liable to Plaintiff and the Class Members who are no longer employed by Defendant for waiting time penalties as required by California Labor Code § 203.

96.     Plaintiff on behalf of himself and on behalf of the members of the Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**H.     Eighth Claim for Relief – Declaratory Judgment (Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202).**

97.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

98.     An actual controversy of sufficient immediacy exists between the Parties as to whether Defendant has failed to comply with its obligations under the California Labor Code, as described above.  Defendant's conduct in misclassifying Plaintiff and the putative Collective Action Members as independent contractors, failing to reimburse necessary business expenditures, failing to provide minimum wages for all hours worked, et cetera, are violations of federal and state law

99.     As a result of the factual allegations above, Plaintiff and all Class Members have suffered actionable harm, as they have not been properly compensated for their work.  Plaintiff seeks an order of this Court pursuant to 28 U.S.C. §§ 2201-02 and Rule 57 of the Federal Rules of Civil Procedure declaring that, as a result of this misclassification of its workforce, Defendant has violated the FLSA and the California Labor Code and relevant Wage Orders and declaring that Defendant must comply with the FLSA, California Labor Code and relevant Wage Orders.

100.    The injunction that Plaintiff seeks is in the nature of a public injunction and is not solely for the benefit of himself and the putative Collective Action Members. Instead, ordering Defendant to comply with the FLSA and California Labor Code is in the public interest because Defendant's violations diminish labor standards in the economy. Complying competitors are put at a disadvantage when companies such as Defendant flout the law by misclassifying their employees as independent contractors. Public funds are also impacted by these violations because the state incurs costs in supporting and providing services to employees who are not properly paid and do not even receive minimum wage.

**I.     Claim for Relief – California Private Attorneys General Act (Cal. Labor Code §§ 2698-2699.5).**

101.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

102.    On May 11, 2021, Plaintiff provided written notice by certified mail and electronic submission to the California Labor & Workforce Development Agency ("LWDA") and to Defendant through its registered agent of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. Sixty-five days have passed without a response from the LWDA with regard to whether it will investigate the actions in the aforementioned written notice. Accordingly, Plaintiff has taken necessary steps to exhaust his administrative remedies, and amends his pleadings as follows in connection with such exhaustion:

103.    Under the California Private Attorneys General Act ("PAGA") of 2004, California Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. *See* Cal. Labor Code § 2699.

104.    Pursuant to California Labor Code § 1198, Defendant's failure to pay proper compensation to Plaintiff and the aggrieved employees in California, failure to keep and furnish them with records of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended are unlawful and constitute violations of the California Labor Code, each actionable under PAGA.

105.    Plaintiff alleges, on behalf of himself and aggrieved employees as well as the general public, that Defendant has violated the following provisions of the California Labor Code and the following provisions of the California Wage Orders that are actionable under

PAGA, as previously alleged herein: Cal. Wage Order No. 4-2001, Cal. Labor Code §§ 201-203, 226, 226.7, 512, 1182.11, 1182.12, 1194, 1174, 1174.5, and 2802. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

106.    Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to California Labor Code § 2699(a), for Defendant's violations of the California Labor Code and relevant IWC Wage Order(s) for which violations a civil penalty is already specifically provided by law. Further, California Plaintiffs are entitled to civil penalties to be paid by Defendant and allocated as PAGA requires pursuant to § 2699(f) for Defendant's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

107.    Under PAGA, California Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order(s) that are alleged in this Complaint.

## VIII.   JURY DEMAND

108.    Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members, Class Members, and aggrieved employees have a right to jury trial.

a.   An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.   An order certifying that this action as a class action under Fed. R. Civ. P. 23;

c.   A declaratory judgment that Defendant has violated the alleged provisions of the FLSA, Wage Order 4-2001, UCL, and California Labor Code;

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

d.  An injunction prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

e.  An award of compensatory damages, including all expenses and back wages owed, in an amount according to proof;

f.  An award of liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

g.  Appropriate statutory penalties;

h.  An award of pre- and post-judgment interest;

i.  An award of reasonable attorneys' fees (including fees pursuant to 29 U.S.C. § 216), costs, and expenses; and

j.  Such other injunctive and equitable relief to which the Plaintiff and the Class may be entitled.

Dated: July 27, 2021

Respectfully submitted,

By:     s/Melinda Arbuckle
        Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM

Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class and
Collective Action Members*

Plaintiff's First Amended Complaint
Case No. 1:21-cv-00781-NONE-BAM